**Honorable David G. Estudillo**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| RAYMOND PARKER, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF ARON CHRISTENSEN and ITS BENEFICIARIES,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL R. ASBACH, an individual; and ETHAN ASBACH, an individual,<br><br>Defendants. | Case No. 3:24—cv-05679-DGE<br><br>**DEFENDANT ETHAN ASBACH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

COMES NOW Defendant Ethan Asbach, by and through Joseph R. Kopta of Kopta & Macpherson, his attorney, and answers and alleges as follows:

1.  In answer to the first sentence of Paragraph 1.1 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in its entirety. In answer to the second sentence of Paragraph 1.1, it is admitted that Ethan Asbach fatally shot a dog in self defense and in defense of his girlfriend KAB, believing it was a wild animal.

Answer to First Amended Complaint - 1
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

2. In answer to Paragraph 1.2 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

3. In answer to Paragraph 1.3 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the first two sentences of Paragraph 1.3 and, therefore, denies the same in their entirety. With respect to the remaining allegations contained in Paragraph 1.3, these allegations are denied.

4. In answer to Paragraph 2.1 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

5. In answer to Paragraph 2.2 of Plaintiff's First Amended Complaint, plaintiffs' alleged causes of action speak for themselves. This answering defendant is currently without information or knowledge sufficient to truthfully admit or deny the identity of the beneficiaries of Aron Christensen's Estate and currently have no information to truthfully admit or deny that his Estate and/or beneficiaries suffered damage, therefore these allegations are denied. This answering defendant denies liability for such claims.

6. In answer to Paragraph 2.3 of Plaintiff's First Amended Complaint, these allegations are admitted.

7. In answer to Paragraph 3.1 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

Answer to First Amended Complaint - 2
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

This answering defendant alleges that this court has no personal jurisdiction over him because an amended Summons was never served, and the Amended Complaint was not properly served.

8. In answer to Paragraph 3.2 of Plaintiff's First Amended Complaint, it is admitted that the Asbach defendants are citizens of the state of Washington. Plaintiff's First Amended Complaint is alleging damages in excess of $75,000. Defendant denies the damage claims.

9. In answer to Paragraph 3.3 of Plaintiff's First Amended Complaint, it is denied that all of the events alleged in this Complaint actually occurred. It is admitted that the Asbachs reside in Thurston County, Washington. With respect to the remaining allegations contained in Paragraph 3.3, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

10. In answer to Paragraph 3.4 of Plaintiff's First Amended Complaint, the language of Paragraph 3.4 does not assert a claim against this answering defendant which requires a response.

11. In answer to Paragraph 4.1 of Plaintiff's First Amended Complaint, the allegations brought forth by plaintiff speak for themselves. This answering defendant denies that he was negligent and is currently without information or knowledge sufficient to form a belief as to the truth or falsity as to whether any of his actions taken in self-defense and in defense of KAB, caused or contributed to Aron's death and, therefore, denies these allegations. This answering defendant further denies liability for negligence, battery, strict

Answer to First Amended Complaint - 3
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

liability for engaging in an abnormally dangerous activity and conversion, and any liability under RCW 4.20.060.

12. In answer to Paragraphs 5.1, 5.2, 5.3, 5.4 and 5.5 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

13. In answer to Paragraph 5.6 of Plaintiff's First Amended Complaint, this answering defendant admits the first and last sentences. This answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5.6 and, therefore, denies the same in their entirety.

14. In answer to Paragraph 5.7 of Plaintiff's First Amended Complaint, these allegations are admitted, except for the use of the word "purportedly".

15. In answer to Paragraph 5.8 of Plaintiff's First Amended Complaint, it is admitted that Ethan did plan to join Michael's camping party that weekend. The remaining allegations contained in Paragraph 5.8 are admitted, except for the use of the word "purportedly".

16. In answer to Paragraph 5.9 of Plaintiff's First Amended Complaint, these allegations are admitted.

17. In answer to Paragraph 5.10 of Plaintiff's First Amended Complaint, the first sentence is admitted. In answer to the second sentence, this answering defendant admits that Michael gave him permission to bring Michael's 9mm handgun to the trip. In answer to the third sentence, it is denied that Michael did anything which could be described as "priming

Answer to First Amended Complaint - 4
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

the pump for disaster". It is admitted that Michael allowed Ethan to bring the gun with him and advised him that it could be used for protection against wild animals in the area. It is admitted that Ethan brought along the handgun as his father permitted.

18. In answer to Paragraph 5.11 of Plaintiff's First Amended Complaint, it is admitted that on the date of the incident, this answering defendant was 19 years old. With respect to the remaining allegations contained in Paragraph 5.11, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

19. In answer to Paragraph 5.12 of Plaintiff's First Amended Complaint, this answering defendant admits that he and Michael are experienced gun owners. This answering defendant denies that he disregarded the law and basic rules of firearm safety. It is admitted that Ethan and KAB. arrived at Walupt Lake campground and left the following day. The remaining allegations contained in Paragraph 5.12 are denied, including the use of the word "purportedly".

20. In answer to Paragraph 5.13 of Plaintiff's First Amended Complaint, these allegations are admitted.

21. In answer to Paragraph 5.14 of Plaintiff's First Amended Complaint, the first sentence is admitted. It is admitted that this answering defendant feared a wild animal attack and retrieved the firearm out of his pack and also obtained the magazine. The use of the word "allegedly" and "purportedly" is false. With respect to the third sentence of Paragraph 5.14, this answering defendant admits that he yelled at the animal to make it go away, but that the animal did not leave. With respect to the remaining allegations contained in Paragraph 5.14, it is admitted that this answering defendant's headlamp illuminated the animal's eyes which

were approximately 15-20 feet away. It is further admitted that this answering defendant fired one shot, striking the animal. It is admitted that the animal died shortly thereafter while this answering defendant was at the scene.

22. In answer to Paragraph 5.15 of Plaintiff's First Amended Complaint, this answering defendant admits that after viewing the animal that he shot, he saw a human body which appeared to be deceased and discolored. To the best of his knowledge, based upon information later obtained, the person this answering defendant observed was Aron and the animal he observed was Aron's dog Buzzo.

23. In answer to Paragraph 5.16 of Plaintiff's First Amended Complaint, this answering defendant admits to seeing what he, at the time, speculated was a bullet hole in Aron's body. It is admitted that this answering defendant only fired one shot. It is admitted that this answering defendant speculated that the single shot must have struck Buzzo and Aron. However, this answering defendant is currently without information or knowledge sufficient to admit or deny that this answering defendant, while acting in self-defense and in defense of KAB from what he believed to be a wild animal, also fatally struck Aron with the same shot that hit his dog and, therefore, denies the same.

24. In answer to Paragraph 5.17 of Plaintiff's First Amended Complaint, this answering defendant denies collecting the spent round. It is admitted that this answering defendant and KAB started hiking again between 11:40 p.m. and 12:15 a.m., in an unsuccessful attempt to find Michael's campsite.

\* \* \* \*

\* \* \* \*

\* \* \* \*

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

25. In answer to Paragraph 5.18 of Plaintiff's First Amended Complaint, this answering defendant denies that he "returned" to Walupt Lake Campground. It is admitted that this answering defendant and KAB continued to Walupt Lake Campground to try and find his dad. The remaining allegations contained in Paragraph 5.18 are admitted.

26. In answer to Paragraph 5.19 of Plaintiff's First Amended Complaint, this answering defendant admits that he and KAB did not immediately seek help from other campers or hikers. This answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5.19 and, therefore, denies the same in their entirety.

27. In answer to Paragraph 5.20 of Plaintiff's First Amended Complaint, this answering defendant denies these allegations.

28. In answer to Paragraph 5.21 of Plaintiff's First Amended Complaint, this answering defendant admits he did not try to revive Aron because, to the best of his knowledge and belief, Aron was already dead.

29. In answer to Paragraph 5.22 of Plaintiff's First Amended Complaint, this answering defendant recalls giving statements to law enforcement which he believes were recorded. The recorded statements provided to law enforcement speak for themselves. To the extent the information contained in this answering defendant's recorded statement(s) to law enforcement are inconsistent with the description contained in Paragraph 5.22, these allegations would be denied. In answer to the second sentence of Paragraph 5.22, this answering defendant denies this allegation. This answering defendant admits that he did not disclose to any people at the campground information about the incident. It is admitted that this answering defendant and KAB drove back to Tenino. This answering defendant denies

Answer to First Amended Complaint - 7
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

that he waited for Michael to return from camping. Instead, this answering defendant called Michael until Michael got into cell service range so he could report what happened. With respect to the remaining allegations, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, denies the same in their entirety.

30. In answer to Paragraph 5.23 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

31. In answer to Paragraph 5.24 of Plaintiff's First Amended Complaint, the autopsy report referenced speaks for itself. This answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

32. In answer to Paragraph 5.25 of Plaintiff's First Amended Complaint, this answering defendant denies that he "killed" Aron. With respect to the remaining allegations in Paragraph 5.2, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

33. In answer to Paragraph 5.26 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

34. In answer to Paragraph 5.27 of Plaintiff's First Amended Complaint, this answering defendant denies the first, third and fourth sentences. In answer to the remaining allegations, this answering defendant is currently without information or knowledge sufficient

Answer to First Amended Complaint - 8
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

35. In answer to Paragraph VI of Plaintiff's First Amended Complaint, this answering defendant realleges his answers as set forth above.

36. In answer to Paragraph 6.1 of Plaintiff's First Amended Complaint, this allegation is admitted.

37. In answer to Paragraph 6.2 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that a gunshot from a firearm used by defendant in self-defense against an animal caused Aron's death and, therefore, denies that allegation. It is admitted that Michael could have prohibited this answering defendant from taking his firearm. With respect to the remaining allegations contained in Paragraph 6.2, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

38. In answer to Paragraph 6.3 of Plaintiff's First Amended Complaint, it is admitted that Michael knew this answering defendant was 19 years old on the date in question. It is denied that this answering defendant was inexperienced and imprudent. It is denied that Michael had reason to know that this answering defendant was likely to carry and use the firearm in a negligent or reckless manner. With respect to the remaining allegations, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

Answer to First Amended Complaint - 9
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

39. In answer to Paragraph 6.4 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

40. In answer to Paragraph 6.5 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

41. In answer to Paragraph 6.6 of Plaintiff's First Amended Complaint, as referenced previously, this answering defendant is currently without information or knowledge sufficient to admit or deny that Aron died as a result of being shot by defendant who was acting to protect himself and KAB from what he believed was a wild animal and, therefore, denies these allegations. With respect to the remaining allegations contained in Paragraph 6.6, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

42. In answer to Paragraph 6.7 of Plaintiff's First Amended Complaint, as referenced in the preceding paragraph, this answering defendant is without sufficient information or knowledge to truthfully admit or deny that Aron died as a result of being fatally shot by this answering defendant and, therefore, denies this allegation. This answering defendant denies he was negligent when he shot at the animal in self-defense and denies Aron's Estate is entitled to damages. Also, this answering defendant denies that Aron suffered for hours alone in the woods. With respect to the remaining allegations contained in Paragraph 6.7 of Plaintiff's First Amended Complaint, this answering defendant is currently

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

43. In answer to Paragraph 7.1 of Plaintiff's First Amended Complaint, this answering defendant repeats and realleges all of the foregoing responses to plaintiff's allegations in Sections I-VII.

44. In answer to Paragraphs 7.2 and 7.3 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same in their entirety.

45. In answer to Paragraph 7.4 of Plaintiff's Complaint, as referenced above, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity as to whether the death of Aron was caused by being shot by this answering defendant who was acting in self-defense and the defense of KAB and, therefore, denies these allegations. This answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations and, therefore, denies the same in their entirety.

46. In answer to Paragraph 7.5 of Plaintiff's First Amended Complaint, as referenced above, this answering defendant is currently without information or knowledge sufficient to admit or deny whether this answering defendant caused a fatal gunshot wound to Aron and, therefore, denies this allegation.

47. In answer to Paragraph 7.6 of Plaintiff's First Amended Complaint, this answering defendant denies these allegations.

Answer to First Amended Complaint - 11
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

48. In answer to Paragraph 8.1 of Plaintiff's First Amended Complaint, this answering defendant repeats and realleges all of the foregoing responses to plaintiff's allegations.

49. In answer to Paragraph 8.2 of Plaintiff's First Amended Complaint, these allegations are denied.

50. In answer to Paragraph 9.1 of Plaintiff's First Amended Complaint, this answering defendant repeats and realleges all of the foregoing responses to plaintiff's allegations.

51. In answer to Paragraph 9.2 of Plaintiff's First Amended Complaint, this answering defendant was aware of the basic rules of firearm safety and how to apply these rules as outlined in Paragraph 9.2(2) of Plaintiff's First Amended Complaint. With respect to the allegation that defendant was prohibited from carrying a pistol into the Gifford Pinchot Wilderness area, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of this allegation and, therefore, denies this allegation in its entirety. With respect to the remaining allegations, this answering defendant denies that the hiking trails in the area were "teeming with hikers and campers" at the time this answering defendant acted to protect himself and KAB.

52. In answer to Paragraph 9.3 of Plaintiff's First Amended Complaint, these allegations are denied.

53. In answer to Paragraph 9.4 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the whether Aron was struck by a bullet fired by Ethan and, therefore, denies this

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

allegation. With respect to the remaining allegations contained in Paragraph 9.4, these allegations are denied.

54. In answer to Paragraph 9.5 of Plaintiff's First Amended Complaint, these allegations are denied.

55. In answer to Paragraph 10.1 of Plaintiff's First Amended Complaint, this answering defendant repeats and realleges all of the foregoing responses to plaintiff's allegations.

56. In answer to Paragraph 10.2 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to admit or deny whether he was statutorily prohibited from carrying a pistol in the area where the incident occurred. It is denied that the act of carrying a pistol constitutes negligence per se.

57. In answer to the first sentence of Paragraph 10.3 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of this allegation and, therefore, denies the same in their entirety. The remaining allegations of Paragraph 10.3 are denied.

58. In answer to Paragraph 10.4 of Plaintiff's First Amended Complaint, this allegation is denied.

59. In answer to Paragraph XI, this answering defendant repeats and realleges all of the foregoing responses to Sections I through X above.

60. In answer to Paragraph 11.1 of Plaintiff's First Amended Complaint, these allegations are denied.

61. In answer to Paragraph 11.2 of Plaintiff's First Amended Complaint, the first sentence is admitted. The remaining allegations are denied.

Answer to First Amended Complaint - 13
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

62. In answer to Paragraph 12.1 of Plaintiff's First Amended Complaint, this answering defendant restates his answers to all the foregoing allegations in Sections 1 through XI above.

63. In answer to Paragraphs 12.2, 12.3 and 12.4 of Plaintiff's First Amended Complaint, these allegations are denied.

64. In answer to Paragraph 13.1 of Plaintiff's First Amended Complaint, this answering defendant realleges all of his foregoing answers as outlined in Sections I through XII above.

65. In answer to the first sentence of Paragraph 13.2 of Plaintiff's First Amended Complaint, these allegations are denied. With respect to the remaining allegations contained in Paragraph 13.2, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of this allegation but denies that any damages were proximately caused by this answering defendant's tortious conduct.

66. In answer to Paragraph 14.1 of Plaintiff's First Amended Complaint, this answering defendant realleges all of his answers and allegations in Sections I through XIII, as referenced above.

67. In answer to Paragraph 14.2 of Plaintiff's First Amended Complaint, this answering defendant is currently without information or knowledge sufficient to form a belief as to the truth or falsity of this allegation and, therefore, denies the same in their entirety.

68. In answer to Paragraph 14.3 of Plaintiff's First Amended Complaint, this answering defendant admits that he shot and killed the animal because he was in reasonable fear for his safety and for the safety of his girlfriend KAB. The shooting of the animal was justified under the circumstances.

Answer to First Amended Complaint - 14
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

69. In answer to Paragraph 14.4 of Plaintiff's First Amended Complaint, these allegations are denied.

70. In answer to Paragraph XV, Sections A-F, this answering defendant denies that plaintiff is entitled to the relief requested. This answering defendant denies any and all other claims not previously addressed herein.

71. This answering defendant reserves the right to amend this answer as discovery continues.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state specific causes of action upon which relief can be granted.

2. Plaintiff's intentional tort claims were not properly served or filed within the two-year statute of limitations and are, therefore, not actionable.

3. Plaintiff has failed to properly serve an amended Summons and the First Amended Complaint upon this answering defendant. As a result, this court has no jurisdiction over Ethan Asbach.

4. Aron Christensen negligently allowed his dog Buzzo to be off leash in the dark of night in a position where it was growling and threatening Ethan Asbach and his girlfriend KAB, which resulted in Ethan's justified act of self-defense and defense of KAB.

5. Plaintiff's injuries and damages were proximately caused and/or contributed to by the negligent actions of Aron Christensen including but not limited to leaving his dog off leash, failing to control his dog's threatening behavior, failing to respond to Ethan Asbach's verbal commands to his dog and failing to communicate with Ethan and KAB, if he was alive.

Answer to First Amended Complaint - 15
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

6. The conduct of this answering defendant was privileged and therefore is not subject to liability in that this answering defendant was acting in self-defense and in defense of a third person when he shot at a menacing animal loose in the wilderness.

7. Damages should be apportioned between the defendants and Aron Christensen, pursuant to Washington law.

8. The beneficiaries and Aron Christensen may have failed to mitigate their damages and may have failed to protect themselves from avoidable consequences.

9. Plaintiff's cause of action for battery, alleging this answering defendant intended to cause harmful contact with Aron Christensen, is baseless in that there is no factual basis or evidentiary support for such an argument.

10. Plaintiff's cause of action brought against this answering defendant based on strict liability is baseless in that there is no factual basis or evidentiary support for such an argument.

11. Plaintiff's claim against this answering defendant is based upon negligence per se is baseless under the circumstances of this case.

12. Plaintiff's claim against this answering defendant for conversion is baseless under the circumstances of this case.

13. This answering defendant reserves the right to amend his affirmative defenses as discovery continues.

WHEREFORE, having fully answered the allegations contained in Plaintiffs' Complaint, Defendant prays that said Complaint be dismissed and that the costs of this proceeding be taxed against the plaintiff and that defendant has such other and further relief as the Court may deem just and equitable.

Answer to First Amended Complaint - 16
Case No. 3:24—cv-05679-DGE

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

Dated this 17th day of September 2024.

    <u>By: Joseph R. Kopta</u>
Joseph R. Kopta, WSBA #17682
Kopta & Macpherson
5801 Soundview Dr., Suite 258
Gig Harbor, WA 98335
253-858-0785
253-851-6225 Fax
Joe@KoptaMacpherson.com
Of Attorneys for Defendant Ethan Asbach

**Answer to First Amended Complaint - 17**
**Case No. 3:24—cv-05679-DGE**

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered to receive pleadings, including the following attorneys:

Lorenzo R. Leoni - lorenzo@olympialegal.com

Pilar C. French - frenchp@lanepowell.com

I also sent a copy by email attachment to each individual listed above.

SIGNED on 09/17/24

<u>By: Joseph R. Kopta</u>
Joseph R. Kopta, WSBA #17682
Kopta & Macpherson
5801 Soundview Dr., Suite 258
Gig Harbor, WA 98335
253-858-0785
253-851-6225 Fax
Joe@KoptaMacpherson.com
Of Attorneys for Defendant Ethan Asbach

**Answer to First Amended Complaint - 18**
**Case No. 3:24—cv-05679-DGE**

KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
Telephone: (253) 858-0785
Fax: (253) 851-6225