The Honorable David G. Estudillo

# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| RAYMOND PARKER, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF AARON CHRISTENSEN and ITS BENEFICIARIES,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL R. ASBACH, an individual; and ETHAN ASBACH, an individual,<br><br>Defendants. | Case No. 3:24-cv-05679-DGE<br><br>DEFENDANT MICHAEL ASBACH'S **ANSWER AND AFFIRMATIVE DEFENSES** TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, NEGLIGENCE, BATTERY, CONVERSION, AND STRICT LIABILITY FOR ENGAGING IN AN ABNORMALLY DANGEROUS ACTIVITY |

Defendant Michael R. Asbach (hereinafter named as "Defendant") hereby answers the allegations in the Plaintiff's First Amended Complaint for Wrongful Death, Negligence, Battery, Conversion, and Strict Liability for Engaging in an Abnormally Dangerous Activity ("Amended Complaint") by admitting, denying, and otherwise alleging as follows. These responses are made solely on behalf of Defendant and no other party, whether named or unnamed. Any allegations not specifically admitted are hereby denied.

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 1
(Case No. 3:24-cv-05679-DGE)



Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

# I. INTRODUCTION

1.1 As to the allegations in paragraph 1.1 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

1.2 As to the allegations in paragraph 1.2 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same. Defendant specifically denies that he unlawfully gave and/or unlawfully entrusted a firearm to Defendant Ethan Asbach.

1.3 As to the allegations in paragraph 1.3 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

# II. THE PARTIES

2.1 As to the allegations in paragraph 2.1 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

2.2 As to the allegations in paragraph 2.2 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

2.3 As to the allegations in paragraph 2.3 of the Amended Complaint, Defendant admits.

# III. JURISDICTION AND VENUE

3.1 As to the allegations in paragraph 3.1 of the Amended Complaint, paragraph 3.1 calls for one or more legal conclusions, thus no answer is required. Defendant also lacks

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 2
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

sufficient knowledge and/or information to form a belief as to the truth or falsity of the factual allegations in this paragraph and, therefore, denies the same.

3.2 As to the allegations in paragraph 3.2 of the Amended Complaint, Defendant admits the Asbachs are citizens of the state of Washington but denies the remainder.

3.3 As to the allegations in paragraph 3.3 of the Amended Complaint, Defendant admits that he is subject to the Court's personal jurisdiction over him and that he resides in Thurston County but lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the remainder of the allegations in this paragraph and, therefore, denies the same.

3.4 As to the allegations in paragraph 3.4 of the Amended Complaint, paragraph 3.4 calls for one or more legal conclusions, thus no answer is required.

## IV. NATURE OF ACTION

4.1 As to the allegations in paragraph 4.1 of the Amended Complaint, Defendant denies he is liable under any theory or cause of action for any damages claimed by Plaintiff.

## V. STATEMENT OF FACTS

### Aron and Buzzo Travel with Friends to Walupt Lake Campground

5.1 As to the allegations in paragraph 5.1 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

5.2 As to the allegations in paragraph 5.2 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

5.3 As to the allegations in paragraph 5.3 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 3
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

allegations in this paragraph and, therefore, denies the same.

5.4 As to the allegations in paragraph 5.4 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

5.5 As to the allegations in paragraph 5.5 of the Amended Complaint, Defendant lacks sufficient knowledge and/or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

**Michael Travels to Walupt Lake Campground and Then to Sheep Lake**

5.6 As to the allegations in paragraph 5.6 of the Amended Complaint, Defendant admits.

5.7 As to the allegations in paragraph 5.7 of the Amended Complaint, Defendant admits and states that the purpose of the trip was bear hunting.

5.8 As to the allegations in paragraph 5.8 of the Amended Complaint, Defendant admits and states that his son Ethan planned to join him that weekend.

5.9 As to the allegations in paragraph 5.9 of the Amended Complaint, Defendant admits that Ethan and KAB planned to come up later, but lacks information to either admit or deny the exact timeline, and therefore denies the remaining allegations.

5.10 As to the allegations in paragraph 5.10 of the Amended Complaint, Defendant admits that he gave Defendant Ethan Asbach directions to Sheep Lake and admits that he asked Defendant Ethan Asbach to take Defendant's handgun from Defendant's truck and that it could be used for protection against wild animals. Defendant denies all remaining allegations.

5.11 As to the allegations in paragraph 5.11 of the Amended Complaint, Defendant admits that Ethan Asbach was 19 years old on August 19, 2022, but denies the remainder.

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 4
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

5.12     As to the allegations in paragraph 5.12 of the Amended Complaint, Defendant admits that he and Ethan Asbach are experienced gun owners and Defendant denies that he disregarded the law or basic rules of firearm safety.

**Ethan and KAB Arrive at Walupt Lake Campground and Flee the Next Day**

5.13     As to the allegations in paragraph 5.13 of the Amended Complaint, paragraph 5.13 contains no allegations directed at Defendant and, therefore, no response is required.

5.14     As to the allegations in paragraph 5.14 of the Amended Complaint, paragraph 5.14 contains no allegations directed at Defendant and, therefore, no response is required.

5.15     As to the allegations in paragraph 5.15 of the Amended Complaint, paragraph 5.15 contains no allegations directed at Defendant and, therefore, no response is required.

5.16     As to the allegations in paragraph 5.16 of the Amended Complaint, paragraph 5.16 contains no allegations directed at Defendant and, therefore, no response is required.

5.17     As to the allegations in paragraph 5.17 of the Amended Complaint, paragraph 5.17 contains no allegations directed at Defendant and, therefore, no response is required.

5.18     As to the allegations in paragraph 5.18 of the Amended Complaint, paragraph 5.18 contains no allegations directed at Defendant and, therefore, no response is required.

5.19     As to the allegations in paragraph 5.19 of the Amended Complaint, paragraph 5.19 contains no allegations directed at Defendant and, therefore, no response is required.

5.20     As to the allegations in paragraph 5.20 of the Amended Complaint, paragraph 5.20 contains no allegations directed at Defendant and, therefore, no response is required.

5.21     As to the allegations in paragraph 5.21 of the Amended Complaint, paragraph 5.21 contains no allegations directed at Defendant and, therefore, no response is required.

5.22     As to the allegations in paragraph 5.22 of the Amended Complaint, Defendant admits he returned to Tenino and contacted LCSO on Sunday, August 21, 2021, but the

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 5
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

remainder of paragraph 5.22 contains no allegations directed at Defendant and, therefore, no response is required.

**LCSO Is Dispatched to the Walupt Lake Area After Receiving News of Aron's and Buzzo's Deaths and Aron's Gunshot Wound**

5.23    As to the allegations in paragraph 5.23 of the Amended Complaint, paragraph 5.23 contains no allegations directed at Defendant and, therefore, no response is required.

5.24    As to the allegations in paragraph 5.24 of the Amended Complaint, paragraph 5.24 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

5.25    As to the allegations in paragraph 5.25 of the Amended Complaint, paragraph 5.25 contains no allegations directed at Defendant and, therefore, no response is required.

5.26    As to the allegations in paragraph 5.26 of the Amended Complaint, paragraph 5.26 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

5.27    As to the allegations in paragraph 5.27 of the Amended Complaint, paragraph 5.27 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

## VI.    FIRST CLAIM FOR RELIEF

**(Aron's Surviving Claim for Negligent Entrustment Against Defendant Michael Asbach)**

Defendant incorporates all prior responses as if fully set forth herein.

6.1    As to the allegations in paragraph 6.1 of the Amended Complaint, Defendant denies that he "prides himself", but does admit that he is an experienced and knowledgeable gunowner and admits that he must always act with due care with his firearms.

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 6
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  **WWW.HELSELL.COM**

6.2     As to the allegations in paragraph 6.2 of the Amended Complaint, paragraph 6.2 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant admits that he was the owner of the firearm that he allowed Ethan Asbach to carry but denies the remainder.

6.3     As to the allegations in paragraph 6.3 of the Amended Complaint, Defendant denies.

6.4     As to the allegations in paragraph 6.4 of the Amended Complaint, paragraph 6.4 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

6.5     As to the allegations in paragraph 6.5 of the Amended Complaint, Defendant denies.

6.6     As to the allegations in paragraph 6.6 of the Amended Complaint, Defendant denies.

6.7     As to the allegations in paragraph 6.7 of the Amended Complaint, Defendant denies.

## VII.     SECOND CLAIM FOR RELIEF

**(Aron's Surviving Claim for Negligence Per Se Against Defendant Michael Asbach)**

7.1     As to the allegations in paragraph 7.1 of the Amended Complaint, paragraph 7.1 contains no allegations to which a response is required. To the extent a response is required, Defendant incorporates all prior responses as if fully set forth herein.

7.2     As to the allegations in paragraph 7.2 of the Amended Complaint, Defendant denies.

7.3     As to the allegations in paragraph 7.3 of the Amended Complaint, Defendant denies.

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 7
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

7.4     As to the allegations in paragraph 7.4 of the Amended Complaint, Defendant denies.

7.5     As to the allegations in paragraph 7.5 of the Amended Complaint, Defendant denies.

7.6     As to the allegations in paragraph 7.6 of the Amended Complaint, Defendant denies.

## VIII.  THIRD CLAIM FOR RELIEF

### (Wrongful Death Against Defendant Michael Asbach)

8.1     As to the allegations in paragraph 8.1 of the Amended Complaint, paragraph 8.1 contains no allegations to which a response is required. To the extent a response is required, Defendant incorporates all prior responses as if fully set forth herein.

8.2     As to the allegations in paragraph 8.2 of the Amended Complaint, Defendant denies.

## IX.  FOURTH CLIAM FOR RELIEF

### (Aron's Surviving Claim for Negligence Against Defendant Ethan Asbach)

9.1     As to the allegations in paragraph 9.1 of the Amended Complaint, paragraph 9.1 contains no allegations to which a response is required. To the extent a response is required, Defendant incorporates all prior responses as if fully set forth herein.

9.2     As to the allegations in paragraph 9.2 of the Amended Complaint, paragraph 9.2 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

9.3     As to the allegations in paragraph 9.3 of the Amended Complaint, paragraph 9.3 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 8
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

9.4     As to the allegations in paragraph 9.4 of the Amended Complaint, paragraph 9.4 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

9.5     As to the allegations in paragraph 9.5 of the Amended Complaint, paragraph 9.5 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

## X.     FIFTH CLAIM FOR RELIEF

**(Aron's Surviving Claim for Negligence Per Se Against Defendant Ethan Asbach)**

10.1    As to the allegations in paragraph 10.1 of the Amended Complaint, paragraph 10.1 contains no allegations to which a response is required. To the extent a response is required, Defendant incorporates all prior responses as if fully set forth herein.

10.2    As to the allegations in paragraph 10.2 of the Amended Complaint, paragraph 10.2 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

10.3    As to the allegations in paragraph 10.3 of the Amended Complaint, paragraph 10.3 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

10.4    As to the allegations in paragraph 10.4 of the Amended Complaint, paragraph 10.4 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

## XI.    SIXTH CLAIM FOR RELIEF

**(Aron's Surviving Claim for Battery Against Defendant Ethan Asbach)**

Defendant incorporates all prior responses as if fully set forth herein.

11.1    As to the allegations in paragraph 11.1 of the Amended Complaint, paragraph

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 9
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

11.1 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

11.2  As to the allegations in paragraph 11.2 of the Amended Complaint, paragraph 11.2 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

## XII. SEVENTH CLAIM FOR RELIEF

**(Aron's Surviving Claim for Strict Liability for Engaging in an Abnormally Dangerous Activity Against Defendant Ethan Asbach)**

12.1  As to the allegations in paragraph 12.1 of the Amended Complaint, paragraph 12.1 contains no allegations to which a response is required. To the extent a response is required, Defendant incorporates all prior responses as if fully set forth herein.

12.2  As to the allegations in paragraph 12.2 of the Amended Complaint, paragraph 12.2 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

12.3  As to the allegations in paragraph 12.3 of the Amended Complaint, paragraph 12.3 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

12.4  As to the allegations in paragraph 12.4 of the Amended Complaint, paragraph 12.4 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

## XIII. EIGHTH CLAIM FOR RELIEF

**(Wrongful Death Against Defendant Ethan Asbach)**

13.1  As to the allegations in paragraph 13.1 of the Amended Complaint, paragraph 13.1 contains no allegations to which a response is required. To the extent a response is

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 10
(Case No. 3:24-cv-05679-DGE)

HELSELL FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

required, Defendant incorporates all prior responses as if fully set forth herein.

13.2   As to the allegations in paragraph 13.2 of the Amended Complaint, paragraph 13.2 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

## XIV.   NINTH CLAIM

**(Aron's Survival Claim for Conversion Against Defendant Ehtan Asbach)**

14.1   As to the allegations in paragraph 14.1 of the Amended Complaint, paragraph 14.1 contains no allegations to which a response is required. To the extent a response is required, Defendant incorporates all prior responses as if fully set forth herein.

14.2   As to the allegations in paragraph 14.2 of the Amended Complaint, paragraph 14.2 contains no allegations directed at Defendant and, therefore, no response is required.

14.3   As to the allegations in paragraph 14.3 of the Amended Complaint, paragraph 14.3 contains no allegations directed at Defendant and, therefore, no response is required.

14.4   As to the allegations in paragraph 14.4 of the Amended Complaint, paragraph 14.4 calls for one or more legal conclusions, thus no answer is required. To the extent a response is required, Defendant denies.

## XV.   PLAINTIFF'S PRAYER FOR RELIEF

Plaintiff' prayer for relief (paragraphs A-F) contain no allegations to which an answer is required. To the extent an answer is required, Defendant denies that Plaintiff is entitled to the relief sought.

## XVI.   AFFIRMATIVE DEFENSES

1.   Plaintiff has failed to state a claim or claims upon which relief can be granted. Foreseeability is not alleged. Negligence per se is not a separate cause of action. Statutory

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 11
(Case No. 3:24-cv-05679-DGE)

HELSELL
FETTERMAN

Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144   WWW.HELSELL.COM

violations (though denied by Defendant) do not constitute negligence per se under RCW 5.40.050.

2. Contributory fault. Plaintiff's damages, if any be proven, were caused in whole or in part by decedent's fault or negligence.

3. RCW 5.40.060 and RCW 4.24.420 may apply given the allegation in the original complaint that "laced marijuana or psychedelic mushrooms" was found on decedent's person.

4. Defendant Ethan Asbach's conduct was privileged, justifiable, and in self-defense, and thus not actionable against Defendant Michael Asbach under any theory.

5. Non-party at fault. Plaintiff's injuries or damages, if any, including beneficiaries' emotional distress, resulted from the actions or inactions of others outside the control or right of Defendant, including LCSO's Deputy Andrew Scrivner and other Lewis County employees and individuals, and government entities, named in Plaintiff's original Complaint, thus entitling Defendant to a comparison of fault for these individuals and/or entities.

6. Plaintiff's damages, if any be proven, resulted (in whole or in part) from pre-existing conditions of the decedent that are unrelated to Defendant.

7. Plaintiff's damages, if any be proven, resulted from subsequent, intervening, and/or superseding causes that are unrelated to Defendant.

8. Plaintiff and/or the beneficiaries of the estate may have failed to mitigate their damages.

9. Defendant reserves the right to amend this Answer, and to assert additional affirmative damages, third-party claims, counterclaims, and cross-claims as deemed

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 12
(Case No. 3:24-cv-05679-DGE)



Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

reasonable and necessary as discovery in this matter is conducted, whether in this lawsuit or not, as the facts may develop.

## XVII. DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's First Amended Complaint for Wrongful Death, Negligence, Battery, Conversion, and Strict Liability for Engaging in an Abnormally Dangerous Activity, Defendant prays for judgment as follows:

A. Dismissal of all claims asserted against Defendant with prejudice and without costs;

B. An award of all costs and attorneys' fees allowed by statute or other applicable law; and

C. For such other relief as the court may deem just or equitable.

DATED this 20th day of September, 2024.

**HELSELL FETTERMAN LLP**

By: */s/ Shawn Q. Butler*
Shawn Q. Butler, WSBA No. 45731
sbutler@helsell.com
Sebastian G. Toth, WSBA No. 51348
stoth@helsell.com
*Attorneys for Defendants*
800 Fifth Avenue, Suite 3200
Seattle, WA 98104

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 13
(Case No. 3:24-cv-05679-DGE)



Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM

# DECLARATION OF SERVICE

The undersigned hereby declares under penalty of perjury of the laws of the State of Washington and the United States that on the 20th day of September, 2024, he/she caused to be filed the foregoing pleading to which this declaration is attached via the Court's CM/ECF system which will send electronic notification of the filing to the following counsel of record:

| **Attorney for Plaintiff:** | **Co-Attorney for Plaintiff:** |
|---|---|
| Lorenzo R. Leoni, WSBA No. 52659 | Pilar C. French, WSBA No. 33300 |
| MORGAN HILL, P.C. | LANE POWELL, P.C. |
| 2102 Carriage Dr. SW, Building C | 601 SW Second Ave., Suite 2100 |
| Olympia, WA 98502 | Portland, OR 97204 |
| (360) 357-5700 | (503) 778-2100 |
| lorenzo@olympialegal.com | frenchP@lanepowell.com |

**Attorney for Defendant Ethan Asbach:**
Joseph R. Kopta, WSBA No. 17682
James E. Macpherson, WSBA No. 8952
KOPTA & MACPHERSON
5801 Soundview Drive, Suite 258
Gig Harbor, WA 98335
joe@koptamacpherson.com
jim@koptamacpherson.com

And I hereby certify that I mailed by United States Postal Service the document to the following non CM/ECF participants:

**[Not applicable]**

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

DATED this 20th day of September, 2024, at Seattle, Washington.

/s/ *Leili Moore*
Leili Moore, Legal Secretary
lmoore@helsell.com

DEFENDANT MICHAEL R. ASBACH'S ANSWER TO
FIRST AMENDED COMPLAINT - 14
(Case No. 3:24-cv-05679-DGE)



Helsell Fetterman LLP
800 Fifth, Suite 3200
Seattle, WA 98104
206.292.1144  WWW.HELSELL.COM